IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,474-01






EX PARTE DEANDRE JOHNSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. 0871852W IN THE 213TH JUDICIAL DISTRICT COURT OF
TARRANT COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant pleaded guilty
to the offense of delivery of a controlled substance, and punishment was assessed at two
years' confinement. No direct appeal was taken.

 Applicant contends that when he was returned to jail on November 7, 2005, with a
new charge of felon in possession of a firearm, he should have already discharged the
sentence for this offense while he was out on parole. Applicant received this two-year
sentence on February 5, 2003, and the judgment reflects that he received fifty-seven days of
pre-trial jail time credit at that time. However, the record does not reflect the dates of any
releases to parole or mandatory supervision, the date of the revocation of Applicant's parole,
or the dates of any pre-revocation or "blue" warrants. 

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from TDCJ-ID and the Board of Pardons and Paroles, or it
may order a hearing. In the appropriate case the trial court may rely on its personal
recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact,
first as to whether Applicant is still serving his two-year sentence for this conviction. If so,
the trial court shall make findings of fact as to whether Applicant was ever released to parole
or mandatory supervision, and if so, what the dates of his release and revocation were. If any
pre-revocation warrants were issued prior to any such revocations, the trial court shall also
make findings as to the dates on which those warrants were issued and returned. The trial
court shall make findings as to whether, at the time Applicant was returned to jail in
November of 2005 to face new charges of possession of a firearm by a felon, he had
discharged his sentence for the instant offense. The trial court shall also make any further
findings of fact and conclusions of law it deems relevant and appropriate to the disposition
of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred and twenty days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 26th DAY OF APRIL, 2006.

EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.